# TROY LAW, PLLC

### ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

March 16, 2020

<u>Via ECF</u>
Hon. Rachel P. Kovner, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:     **Response to Defendants' Letter Requesting a Pre-Motion Conference in anticipation for a Motion to Dismiss**

> 1:19-cv-5458 (RPK) (JO) *Stidhum v. 161-10 Hillside Auto Ave., LLC, et al.*

Your Honor,

This office represents the Plaintiff in the above-referenced matter. We write to respectfully respond to the Defendants' letter which requests for a pre-motion conference in anticipation of their motion to dismiss Plaintiff's discrimination claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     Relevant Procedural History

On September 25, 2019, Plaintiff LETICIA FRANCINE STIDHUM ("Plaintiff") filed a Complaint in this Court setting forth sex discrimination claims pursuant to the Pregnancy Discrimination Act ("PDA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq.*; New York State Human Rights Law ("NYSHRL"), NY Exec. § 290 *et seq.*; and New York City Human Rights Law ("NYCHRL") NYC Admin. § 8-107(22), *et seq.* ("NYC Pregnancy Worker Fairness Act"). D.E. [1].

Prior to this filing, Plaintiff timely filed the discrimination charge against her former employers with the Equal Opportunity Employment Commission ("EEOC") on or about April 19, 2019 (EECO Charge No. 520-2019-04747). Compl. ¶ 3. On July 19, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue. *See id.* at ¶ 4. The Notice of Right to Sue indicated, among other things, that (i) "it is unlikely that the EEOC will be able to complete its administrative proceeding within 180 days from the filing of [the] charge;" (ii) "[t]he EEOC [terminated] its proceeding of [the] charge;" and (iii) Plaintiff must file her lawsuit under Title VII "in a federal or state court <u>WITHIN 90 DAYS of your receipt of [the] notice.</u>" *See* D.E. [1-4].

Hon. Rachel P. Kovner, U.S.D.J.
March 16, 2020
Page 2 of 3

## II.    Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 457 (2d Cir. 2009).

## III.    Argument

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *see also* 42 U.S.C. § 2000e–5(e) and (f). This Circuit and several other sister circuits have "ruled that Title VII exhaustion operated as an affirmative defense, with the burden on the defendant." *Hardaway v. Hartford Public Works Department*, 879 F.3d 486, 490 (2d Cir. 2018) (holding that the district court erroneously dismissed the plaintiff's third amended complaint by ruling that the Title VII exhaustion is a pleading requirement rather than an affirmative defense); *see Silverstein v. Massapequa Union Free School District*, 18-cv-4360 (RRM) (AKT), 2019 WL 4888673, at *6 (E.D.N.Y., 2019) (citing *Hardaway)*; *Lopez v. City of New York*, 18-cv-149 (MKB), 2019 WL 3716815, at *4 (E.D.N.Y. 2019) (citing *Hardaway* and denying defendant's motion to dismiss for failure to exhaust plaintiff's Title VII race discrimination claims); *Akinde v. New York City Health and Hospital Corporation*, 2019 WL 4392959, at *9 (S.D.N.Y., 2019) (citing *Hardaway* and refusing to decide the merits of Defendants' exhaustion argument which "is not a basis upon which the [c]ourt may dismiss Plaintiffs' Title VII [] claims").

"[W]e have repeatedly held that, 'the failure to exhaust administrative remedies is a precondition to bring a Title VII claim in federal court, rather than a jurisdictional requirement.'" *Hardaway*, 879 F.3d at 489 (citing *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385 (2d Cir. 2015)).

Plaintiff timely filed the charge with the EEOC and obtained a right-to-sue letter. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (describing Title VII exhaustion as requiring a timely filing of a complaint with the EEOC and obtaining a right-to-sue letter). Here, Defendants do not dispute the facts that Plaintiff timely filed her discrimination charge with the EEOC on or about April 19, 2019, and the EEOC issued to her a Notice of Right to Sue on July 19, 2019. The letter stated that the EEOC was unlikely to

2

Hon. Rachel P. Kovner, U.S.D.J.
March 16, 2020
Page 3 of 3

complete the administrative proceeding within the set deadline and terminated the charge. While Plaintiff had 90 days from July 19, 2019 to initiate a lawsuit in a federal court, she did by filing a Complaint on September 25, 2019. Therefore, Plaintiff had exhausted the Title VII remedies before initiating the action before this Court. In particular, failure to exhaust administrative remedies raises "no jurisdictional bar to the claim proceeding in federal court." *Fowlkes*, 790 F.3d at 384.

As a result, Plaintiff respectfully responds to the Defendants' request for a pre-motion conference for an anticipated motion to dismiss under Rule 12(b)(6) and request that Defendants' request for the pre-motion conference be denied.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,
TROY LAW, PLLC

 */s/ John Troy*
John Troy, Esq.
*Attorney for Plaintiffs*

JT/ll

cc: via ECF
all counsel of record

5440548v.1