# EXHIBIT A

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

|  |  |
|---|---|
| Attn.: Owner, Ishaque Thanwalla<br>**HILLSIDE AUTO MALL**<br>150-01 Hillside Avenue<br>Jamaica, NY 11432 | **PERSON FILING CHARGE**<br><br>Leticia Stidhum<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**520-2019-04747** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by     a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by     to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by     to

If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Ms. D. Young,
Investigator

*EEOC Representative*

Telephone   **(212) 336-3758**

New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004
Fax: (212) 336-3625

Enclosure(s):   [ ] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] Race   [ ] Color   [X] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [X] Retaliation   [ ] Genetic Information   [ ] Other

ISSUES: Constructive Discharge, Other

DATE(S) (on or about):   EARLIEST: 04-22-2019   LATEST: 04-22-2019

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| July 29, 2019 | Kevin J. Berry,<br>District Director | *[signed]* Kevin J. Berry<br>Dey |

## COMPLAINANT AFFIDAVIT

Date: April 14, 2019
Re: Pregnancy Discrimination

*Personal Information*

1. My name is Leticia Stidhum.
2. I reside in the county of Queens, at 2330 125th Street, College Point, NY 11356.
3. My mobile telephone number is (347) 256-0067.
4. My email is lsticia3@gmail.com.
5. My date of birth is June 2, 1998—I am 20 years old.
6. I am female.
7. I do not have a disability.
8. I am Hispanic.
9. My race is Latino.

*Attorney Information*

10. My attorney is John Troy, of Troy Law, PLLC.
11. My attorney's address is: 41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355
12. My attorney's office telephone number is: (718) 762-1324

*Employer Information*

13. My employers are: 161-10 Hillside Auto Ave, LLC d/b/a Hillside Auto Outlet (hereinafter "Hillside Auto Outlet") and Hillside Auto Mall, Inc. d/b/a Hillside Auto Mall (hereinafter "Hillside Auto Mall") (collectively hereinafter "Employers" or "Hillside Auto").
14. My employers' addresses are: 161-10 Hillside Avenue, Jamaica NY 11432 for Hillside Auto Outlet and 150-01 Hillside Avenue, Jamaica, NY 11432 for Hillside Auto Mall.
15. Both Hillside Auto Outlet and Hillside Auto Mall are part of an enterprise named "Hillside Auto."
16. My employer's telephone number is: (718) 301-6858

1

17. There are between 15 and 100 total employees at all locations.

*Employment Data*

18. On or about May 20, 2018, I was interviewed by Ishaque Thanwalla and General Manager Jyanique before being hired by Hillside Auto as a car salesperson.

19. I am not a federal employee.

20. During my employment with Hillside Auto, from on or about May 20, 2018 to August 24, 2018, I was directly supervised by General Manager Jyanique.

21. The owners of Hillside Auto are Ishaque Thanwalla, Jory Baron, and Robert Baron.

22. At all relevant times, I was paid a base pay of three hundred dollars ($300.00) per week plus one hundred fifty dollars ($150.00) per car sold.

23. I sold an average of between twenty-five (25) and thirty-one (31) cars a month.

24. Further, at all relevant times, I was promised a 5% commission on each car that was sold for more than three thousand five hundred dollars ($3,500.00).

25. However, I was only paid that commission during the period from May 20, 2018 to August 24, 2018.

26. Between May 20, 2018 to August 24, 2018, my weekly pay would consist of: (1) three hundred dollars ($300.00) in base pay; (2) on average, between eight hundred ($800.00) and one thousand fifty dollars ($1,050.00) in commission for cars sold at a rate of one hundred fifty dollars ($150.00) per car sold; and (3) an additional one thousand five hundred forty dollars ($1,540.00) in commission of 5% for each car sold in excess of three thousand five hundred ($3,500.00) dollars.

27. As a result, between May 20, 2018 to August 24, 2018, my weekly pay would be approximately two thousand seven hundred sixty-six dollars ($2,766.00).

28. Between August 25, 2018 and January 14, 2019, my weekly pay would consist of: (1) three hundred dollars ($300.00) in base pay; (2) on average, between eight hundred ($800.00) and one thousand fifty dollars ($1,050.00) in commission for cars sold at a rate of one hundred fifty dollars ($150.00) per car sold.

29. As a result, between August 25, 2018 and January 14, 2019, my weekly pay would be approximately one thousand two hundred twenty-six dollars ($1,226.00).

30. Between August 25, 2018 and January 14, 2019, I was owed the entirety of the commission of 5% for each car sold in excess of three thousand five hundred ($3,500.00) dollars, which would average one thousand five hundred forty dollars ($1,540.00).

31. My last pay rate is approximately half of what my usual pay rate is.

32. My last day of employment was January 14, 2019.

33. From on or about May 20, 2018 to October 04, 2018, my regular work schedule ran from 10:00 to 20:00 for ten (10) hours on Mondays, Tuesdays, Thursdays and Fridays for four (4) days and forty (40) hours a week; from 09:30 to 20:00 for ten and a half (10.5) hours on Saturdays for one (1) day; and from 11:00 to 18:00 on Sundays for seven (7) hours for one (1) day, for a total of fifty seven and a half (57.5) hours each week.

34. From on or about October 05, 2018 to January 14, 2019, my regular work schedule ran from 10:00 to 20:00 for ten (10) hours on Mondays, Tuesdays, Thursdays and Fridays for four (4) days and forty (40) hours a week; from 09:30 to 20:00 for ten and a half (10.5) hours on Saturdays for one (1) day for fifty and a half (50.5) hours each week.

35. At all relevant times, like other Hillside Auto employees, I had to "eat and run" because there was no separate lunch time.

## Basis of Claim of Employment Discrimination

36. I feel that I am treated worse than the other employees are generally treated for the following reasons: Sex and Pregnancy.

## Discrimination Statement of Facts

37. On November 23, 2018, I found out about my pregnancy.

38. On December 1, 2018, I announced my pregnancy to the Owner Ishaque Thanwalla, General Manager Andris Guzman, and my coworkers, including David Manique and the girls in the Business Development Center.

39. On that day, I brought a sonogram image of my baby that I showed to the managers and my coworkers.

40. Between early December 2018 and mid-January 2019, Owner Ishaque Thanwalla went on vacation.

41. While Ishaque Thanwalla was on vacation, Andris Guzman was in charge of the Finance Department.

42. Before Ishaque Thanwalla went on vacation, Andris Guzman and "Serge" were in charge of the Finance Department.

43. Before I announced my pregnancy, the wait time for Hillside Auto to speak with the Finance Department, which is manned by General Manager Andris Guzman and Finance Manager "Serge" was roughly twenty (20) minutes.

44. My wait time was slightly shorter than my coworkers because I knew how to run the credit and pre-fill the application for the banks, so the only thing the Finance Department had to do was to submit the application to the bank.

3

45. My coworkers did not have access to Ishaque Thanwalla's password to Dealer Track to run the credit of the customer and pre-fill the application.

46. I was the only worker that Ishaque Thanwalla gave the password to.

47. Ishaque Thanwalla gave me the password because he believed that I was a better worker and because Andris Guzman would have the customers waiting because he would say he was busy.

48. After I announced my pregnancy, General Manager Andris Guzman would have my customers wait for anywhere between forty (40) minutes to one (1) hour.

49. As a result of the longer wait time, the majority of my customers would walk out.

50. I sold eight (8) to ten (10) cars in December 2018 and through January 14, 2019, my last day of employment.

51. As a result, my pay rate dropped significantly.

52. Between December 01, 2018 and January 14, 2019, my pay would consist of: three hundred dollars ($300.00) in base pay plus another three hundred ($300.00) in flat commission.

53. In December 2018 through January 14, 2019, I would constantly call Andris Guzman to ask about "How long they would have to wait," and "When they would be able to speak to somebody."

54. Andris Guzman would reply "everybody has to wait," or "it takes time."

55. However, there are roughly four (4) salespersons at the car dealership at any one time and their customers' wait time would still be roughly twenty (20) minutes.

56. On or about January 10, 2019, in the morning when he first returned from vacation, I explained to Ishaque Thanwalla what happened.

57. Ishaque Thanwalla said he would give me a "little bonus" of two hundred dollars ($200.00) and thought it would cure everything.

58. However, from January 10, 2019 after I spoke with Ishaque Thanwalla to my last date, my wait time was still forty (40) minutes.

59. On January 24, 2019, I texted Jory Baron.

60. On January 24, 2019, Jory Baron called me and he asked me to give him till Monday to speak with Ishaque Thanwalla.

61. When I tried to explain the situation to Jory Baron, he told me to "stop ranting" and just tell him how much I am owed and for what, and he will confirm with Ishaque Thanwalla and called him on Monday.

4

62. Jory Baron did not call me on Monday.

63. There are no other pregnant workers at Hillside Auto.

64. My coworkers David Manique, David Parsons, and Shaun who were male and were never pregnant, were treated better than me.

65. Their customers did not have to wait before speaking to the Finance Department.

66. My coworker David Manique was a witness to the announcement of my pregnancy and to the longer wait time I was subjected to thereafter.

67. His job title is car salesperson.

68. His address is 9722 Albert Road, Ozone Park, NY 11417 and his telephone number is (347) 231-5194.

69. After quitting because of the worsened work conditions as a result of Defendants' pregnancy discrimination, I found my next job on January 16, 2019.

70. This job paid:

   a. six hundred fifty dollars ($650.00) in base pay;

   b. four hundred dollars ($400.00) in commissions per week (ten (10) cars for forty dollars ($40.00) per car); and

   c. bonus pay (related to number of cars sold the previous month) between thirty-five (35) or forty (40) cars for one thousand dollars ($1,000.00) or one thousand five hundred dollars ($1,500.00) per month (payable every second Friday each month).

71. As a result, I would have been paid around one thousand fifty dollars ($1,050.00) on weeks where I was not paid the bonus.

72. On weeks where I was paid the bonus, I would receive an additional one thousand to one thousand five hundred dollars for one thousand five hundred fifty dollars ($1,550.00) or two thousand fifty dollars ($2,050.00).

73. I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer that I accuse of discrimination information about the charge, including my name.

74. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

5

_____  4/14/19
Leticia Stidhum            Date

Sworn to me this 14th day of April 2019

_____
Notary Public

JOHN TROY
Notary Public, State of New York
No. 02TR6121824
Qualified in Queens County
Commission Expires 04/12, 2021

## DECLARATION

I, the undersigned, declare under penalty of perjury that the statements made in the above affidavit are true and correct to the best of my knowledge, information, and belief.

_____          4/14/19
Leticia Stidhum                                              Date

Sworn to me this 14th day of April, 2019

_____
Notary Public

JOHN TROY
Notary Public, State of New York
No. 02TR6121824
Qualified in Queens County
Commission Expires 04/12, 2021

7

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630
General FAX: (212) 336-3625

Ms. Leticia Stidhum
2330 125th Street
College Point, NY 11356

Re:   Leticia Stidhum v. Hillside Auto Outlet
      EEOC Charge No.: 520– 2019 – 03296

      Leticia Stidhum v. Hillside Auto Mall
      EEOC Charge No.: 520– 2019 – 04747

Dear Ms. Stidhum:

We have received your request for a Notice of Right(s) to Sue through your attorney. Less than 180 days have passed since the filing of the above-cited charge files, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of these charges. Enclosed is the Notice of Right(s) to Sue for the two files.

On behalf of the Commission,

_____ Dey                         July 29, 2019
Kevin J. Berry,                                       _____
District Director                                     Dated

Attn.: Mr. John Troy, Esq.
TROY LAW
Attorneys & Counselors At Law
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355

Attn.: Owner, Ishaque Thanwalla
HILLSIDE AUTO OUTLET
161-10 Hillside Avenue
Jamaica, NY 11432

Attn.: Owner, Ishaque Thanwalla
HILLSIDE AUTO MALL
150-01 Hillside Avenue
Jamaica, NY 11432

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Ms. Leticia Stidhum<br>2330 125th Street<br>College Point, NY 11356 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-04747 | D. Young,<br>Investigator | (212) 336-3758 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_
Dey
Kevin J. Berry,
District Director

July 29, 2019
(Date Mailed)

Enclosures(s)

cc: Attn.: Owner, Ishaque Thanwalla
HILLSIDE AUTO MALL
150-01 Hillside Avenue
Jamaica, NY 11432

Attn.: Mr. John Troy, Esq.
TROY LAW
Attorneys & Counselors At Law
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:* Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.