UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LETICIA FRANCINE STIDHUM,

              Plaintiff,

        -against-                       **MEMORANDUM AND ORDER**
                                                      19-CV-5458 (RPK) (VMS)

161-10 HILLSIDE AUTO AVE, LLC d/b/a
Hillside Auto Outlet; HILLSIDE AUTO
MALL INC. d/b/a Hillside Auto Mall,
ISHAQUE THANWALLA, JORY BARON,
RONALD M. BARON, and ANDRIS
GUZMAN

              Defendants.
-------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      A person who wishes to sue for employment discrimination under Title VII of the Civil Rights Act of 1964 must first file a charge with the Equal Employment Opportunity Commission ("EEOC" or "Commission"). The prospective plaintiff may then file a civil suit within 90 days of receiving one of two types of notice: a notice that the charge has been "dismissed by the Commission," or a notice that the Commission has neither "filed a civil action" nor "entered into a conciliation agreement to which the person aggrieved is a party" within 180 days of receiving the charge. 42 U.S.C. § 2000e-5(f)(1).

      Plaintiff Leticia Francine Stidhum filed this case without having received either of these types of notice. Instead, before 180 days had passed from the filing of her charge, Ms. Stidhum requested and received what the EEOC terms a "notice of right to sue." Agency regulations provide that the EEOC may issue such a notice if it is "probable" that the Commission "will be unable to complete its administrative processing of the charge within 180 days from the filing of

1

the charge." 29 C.F.R. § 1601.28(a)(2). Relying on that notice, plaintiff filed this lawsuit bringing Title VII claims in federal court.

Defendants have moved to dismiss Ms. Stidhum's lawsuit as prematurely filed. That motion is granted. As explained below, a plaintiff may file suit under Title VII only after receiving notice that her EEOC charge had been dismissed or notice that 180 days had passed without the agency's entering into a conciliation agreement or filing its own lawsuit in response to the charge. The statute does not allow the agency to authorize suits at an earlier time. Accordingly, plaintiff's federal claim is dismissed without prejudice to refiling after the statutorily required notice is obtained. Having dismissed Ms. Stidhum's federal claim, I decline to exercise supplemental jurisdiction over her state causes of action.

## BACKGROUND

### A. Statutory and Regulatory Background

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions." *Id.* § 2000e(k). As a prerequisite to filing a lawsuit under Title VII, an aggrieved person must file a written charge with the EEOC, typically within 180 days after the alleged unlawful employment practice occurred. *See id.* § 2000e-5(b), (e)(1).

Upon receipt, the Commission must "serve a notice of the charge . . . within ten days" and "make an investigation thereof." *Id.* § 2000e-5(b). In its investigation, the Commission must determine whether "reasonable cause" exists "to believe that the charge is true." *Ibid*. The Commission must make that "determination . . . as promptly as possible, and so far as practicable, not later than one hundred and twenty days from the filing of the charge." *Ibid.*

2

If the Commission finds no reasonable cause to believe the charge, it must "dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action." *Ibid*. If the Commission find reasonable cause to believe the charge, it must "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Ibid*. It "may bring a civil action" if it is "unable to secure from the respondent a conciliation agreement acceptable to the Commission." *Id.* § 2000e-5(f)(1).

Title VII authorizes an aggrieved person to file suit within 90 days after the agency issues one of two types of notice. Section 706(f)(1) of Title VII states:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved.

*Ibid*.

The EEOC has issued a regulation that states that the Commission may issue a document entitled a "notice of right to sue" under a third circumstance. The regulation states that "at any time prior to the expiration of 180 days from the date of filing of the charge with the Commission," the Commission may issue a "notice of right to sue" if "a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued" and one of various officials "has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect." 29 C.F.R. § 1601.28(a)(2).

Courts have reached differing conclusion on whether EEOC's regulation authorizing early right-to-sue letters is a valid exercise of the agency's rulemaking authority. *Compare Martini v.*

*Fed. Nat'l Mortg. Ass'n*, 178 F.3d 1336, 1348 (D.C. Cir. 1999) (invalidating regulation and early-right-to-sue letter); *Gibb v. Tapestry, Inc.*, No. 18-CV-6888, 2018 WL 6329403, at *5 (S.D.N.Y. Dec. 3, 2018) (same); *Rodriguez v. Connection Tech. Inc.*, 65 F. Supp. 2d 107, 112 (E.D.N.Y. 1999) (same); *Stetz v. Reeher Enters., Inc.*, 70 F. Supp. 2d 119, 123 (N.D.N.Y. 1999) (same); *Spencer v. Banco Real, S.A.*, 87 F.R.D. 739, 748 (S.D.N.Y. 1980) (same), *with Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1275 (10th Cir. 2001) (upholding regulation and early right-to-sue letter); *Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1063 (11th Cir. 1994) (same); *Saulsbury v. Wismer & Becker, Inc.*, 644 F.2d 1251, 1257 (9th Cir. 1980) (same); *Hernandez v. Premium Merch. Funding One, LLC*, No. 19-CV-1727, 2020 WL 3962108, at *7 (S.D.N.Y. July 13, 2020) (same); *Figueira v. Black Ent. Television*, 944 F. Supp. 299, 308 (S.D.N.Y. 1996) (same).

### B.　　Factual and Procedural Background

On or about April 19, 2019, Ms. Stidhum filed a charge of discrimination with the EEOC. *See* Compl. ¶ 3 (Dkt. #1). In the charge, Ms. Stidhum alleges that she suffered sex discrimination and retaliation, in violation of Title VII, in connection with her employment at Hillside Auto Mall, Inc. *See* Complainant Aff. ¶¶ 1-74 (Dkt. #17-1).

Ninety-one days later, on July 19, 2019, the EEOC issued Ms. Stidhum a "notice of right to sue." *See* Compl. ¶ 4. The notice states that it was "[i]ssued on request" from the plaintiff by a district director. *See* Notice of Right to Sue (Dkt. #1-4). The director marked a box on the form acknowledging that "[l]ess than 180 days have passed since the filing of this charge," but stating that the director "ha[s] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge." *Ibid.* The notice also states that "[t]he EEOC is terminating its processing of this charge." *Ibid.*

4

On September 25, 2019, plaintiff filed this employment discrimination lawsuit in the Eastern District of New York. *See* Compl. ¶ 1. The lawsuit alleges that defendants discriminated against her in violation of Title VII's prohibitions on sex and pregnancy discrimination. *See id.* ¶¶ 63-70; 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). Plaintiff also raised claims under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(22), *et seq. See* Compl. ¶¶ 71-86.

Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Defs.' Notice of Mot. (Dkt. #15). Defendants argue that Ms. Stidhum's suit was premature because EEOC had not dismissed her charge or considered the charge for 180 days before issuing her right-to-sue letter. *See* Defs.' Memo. at 2-5 (Dkt. #16). Defendants also argue that the Court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims. *Id.* at 5-6. In March 2021, the parties submitted further supplemental briefing on these and related issues. *See* Pl.'s Supplemental Memo (Dkt. #20); Defs.' Supplemental Memo (Dkt. #23).

## DISCUSSION

Defendants' motion to dismiss is granted, because plaintiff filed suit before obtaining the notice that is a statutory prerequisite to doing so.

### I. Plaintiff's suit was filed prematurely because she had not obtained the statutorily required notice.

Plaintiff filed suit before receiving the notice that Title VII makes a prerequisite to suit. Title VII requires the Commission to notify a person who has filed a discrimination charge when either of two events occurs: "[i]f a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . , or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party." 42 U.S.C. § 2000e-5(f)(1).

5

Upon either of those events, "the Commission . . . shall *so notify* the person aggrieved and within ninety days after the giving of *such notice* a civil action may be brought . . . by the person claiming to be aggrieved." *Ibid.* (emphasis added). The statute thus specifies the conditions under which a Title VII suit "may be brought": namely, "the giving of such notice." What notice? The notice that the statute has just described—that the Commission has dismissed a charge, or that it has not filed a civil action or entered into a conciliation agreement within 180 days. Plaintiff had not received either of these types of notice when she filed this lawsuit.

Plaintiff argues that she was nevertheless entitled to file suit because the Commission sent her a letter designated a "notice of right to sue," based upon a determination "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge," 29 C.F.R. § 1601.28(a)(2). She argues that under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984), the Court should defer to the EEOC's apparent view that a plaintiff may bring suit based on a letter like the one in this case—even when the plaintiff's EEOC charge has not been dismissed and 180 days have not passed since its filing. *See* Pl.'s Supplemental Memo at 5-10. But insofar as EEOC construes the statute that way, the agency's construction is not entitled to deference. Assuming that *Chevron* is the appropriate framework to use, *see Edelman v. Lynchburg Coll.*, 535 U.S. 106, 114 (2002), *Chevron* comes into play only to resolve statutory ambiguity; it has no role when "Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842-43. Here, Congress has unambiguously prescribed the type of notice that is a precondition to a Title VII suit. It has directed the EEOC to give notice to a plaintiff under two sets of circumstances—when a charge is dismissed or when 180 days have passed without certain agency actions—and it has authorized a plaintiff to file suit only upon receipt of "such notice." Deference therefore has no role to play.

6

Some courts have allowed plaintiffs to bring suit after receiving the type of notice here. Those courts have commonly reasoned that Title VII describes two circumstances in which the EEOC must issue a right-to-sue letter, but "does not bar the conclusion that even when neither of the two conditions occurs, the Commission still *may* issue a notice of right to sue." *Figueira*, 944 F. Supp. at 305; *see Hernandez*, 2020 WL 3962108, at *5; *Walker*, 240 F.3d at 1274; *Sims*, 22 F.3d at 1062; *Saulsbury*, 644 F.2d at 1257. That argument does not persuade me. I agree that Section 706(f)(1) requires the agency to provide notice about two events—without requiring or forbidding notice of other occurrences. But notices of those other occurrences cannot authorize the filing of a lawsuit. By providing that the agency must "so notify" a charge-filer when one of two events has occurred, and that a plaintiff may file a lawsuit within 90 days of receiving "such notice," Congress made clear that the only notices that create a right to sue are the notices described in the statute. *Cf. Van Buren v. United States*, 141 S. Ct. 1648, 1655 (2021) (explaining that the "ordinary usage" of "so" refers to "a 'word or phrase already employed,' thereby avoiding the need for repetition," and calls back to "a stated, identifiable proposition from the 'preceding' text").

Several courts have suggested that it would be "pointless" to require an aggrieved person to wait for 180 days before filing suit in those cases in which an agency official believes it is unlikely that the EEOC's investigation will be completed during that time. *Sims,* 22 F.3d at 1061; *see Saulsbury*, 644 F.2d at 1251 ("[I]t would be a travesty to require the EEOC and [plaintiff] to mark time until 180 days were counted off."). But "[t]he 180-day period is not purposeless, merely because the agency claims it seems unlikely to take final action during that time." *Banco Real. S.A.*, 87 F.R.D. at 746. Title VII reflects a strong preference for conciliation over litigation. *See Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 486 (2015). "If complainants are required to remain before the agency for 180 days, the primary role of the agency in handling such claims is

7

emphasized and assured." *Banco Real*, 87 F.R.D. at 746. Claimants "will naturally press the agency for action, rather than for early right to sue letters." *Ibid.* And employers—some of whom "very much want to attempt conciliation"—will have a guaranteed window to pursue informal resolution before a lawsuit is filed. *Id.* at 747. In contrast, permitting the agency to create an exception to the 180-day rule based on its perceived workload would diminish pressure on the agency to efficiently investigate and conciliate cases. And it would create incentives for the agency "shift a large part of its workload to federal courts" at plaintiffs' request. *Id.* at 746. Ultimately, the statutory framework favored by either plaintiff or defendants would be a coherent one, but the statutory language makes clear that it is defendants' framework that Congress chose.

Finally, defendants have invoked Section 706(f)(1) at an appropriate stage of the proceedings. Plaintiff argues that defendants may not challenge her lawsuit as premature through a motion to dismiss because "Title VII exhaustion operate[s] as an affirmative defense, with the burden on the defendant," *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 490 (2d Cir. 2018); *see* Pl.'s Opp'n at 2 (Dkt. #18). But an "affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint." *Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010). Here, the complaint itself states that plaintiff filed a charge "on or about April 19, 2019" and was issued a notice "on July 19, 2019." Compl. ¶¶ 3-4. It attaches the notice. *See* Notice of Right to Sue. And the notice makes clear that it was "[i]ssued on [the plaintiff's] request" even though "[l]ess than 180 days have passed since the filing of this charge," on the basis that an EEOC official "ha[s] determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge." *Ibid.* Defendants' arguments are therefore properly raised in a motion to dismiss.

## II. Plaintiffs' lawsuit is dismissed without prejudice.

Plaintiff's federal claims are dismissed without prejudice to refiling after the EEOC provides plaintiff with notice that it has considered plaintiff's charge for 180 days without filing a lawsuit or entering into a conciliation agreement. *See Martini*, 178 F.3d at 1350 (remanding "with instructions to dismiss the complaint without prejudice"); *see also Stetz*, 70 F. Supp. 2d at 123. Although plaintiff requests a stay rather than dismissal, *see* Pl.'s Mot. for Stay (Dkt. #28), plaintiff will suffer no apparent prejudice from a dismissal without prejudice here.

Plaintiff's state-law claims are also dismissed without prejudice. *See* 28 U.S.C. § 1367(c). Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). These factors counsel in favor of dismissing plaintiff's state-law claims. This case is still in its preliminary stages. And in the event that plaintiff does not refile her federal claims once appropriate notice is obtained, it would be at least as convenient and fair for the parties to litigate plaintiff's state-law claims in state court. Indeed, "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendant jurisdiction over remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006); *see Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2020) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well."). If plaintiff obtains the appropriate notice and refiles her federal claims, she is free to include her state claims in the refiled case, as well.

## CONCLUSION

Defendants' motion is granted. Plaintiff's complaint is dismissed without prejudice. The EEOC is directed to reopen plaintiff's charge. Plaintiff may renew her complaint once the EEOC

either (i) dismisses her charge and issues her a proper notice of right to sue, or (ii) processes her charge for an additional eighty-nine days and issues her a proper notice of right to sue.

SO ORDERED.

          /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:      June 25, 2021
              Brooklyn, New York