21-1653-cv
Stidhum v. 161-10 Hillside Auto Ave. LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-two.

PRESENT:  RAYMOND J. LOHIER, JR.,
  JOSEPH F. BIANCO,
  BETH ROBINSON,
   *Circuit Judges*.

------------------------------------------------------------

LETICIA FRANCINE STIDHUM,

  *Plaintiff-Appellant*,

  v.   No. 21-1653-cv

161-10 HILLSIDE AUTO AVE, LLC,
D/B/A HILLSIDE AUTO OUTLET,
HILLSIDE AUTO MALL INC. D/B/A
HILLSIDE AUTO MALL, ISHAQUE
THANWALLA, RONALD M.
BARON, JORY BARON, ANDRIS

GUZMAN,

        *Defendants-Appellees.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | TIFFANY TROY (John Troy, Aaron Schweitzer, *on the brief*), Troy Law, PLLC, Flushing, NY |
| FOR DEFENDANTS-APPELLEES: | EMANUEL KATAEV, Milman Labuda Law Group PLLC, Lake Success, NY |
| FOR AMICUS CURIAE: | ANNE NOEL OCCHIALINO, Acting Assistant General Counsel (James Driscoll-Maceachron, Attorney, Appellate Litigation Services, Jennifer S. Goldstein, Associate General Counsel, Christopher Lage, Deputy General Counsel, *on the brief*), Equal Employment Opportunity Commission, Washington, D.C. |

Appeal from an order of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal is DISMISSED as moot and the order of the

1    District Court is VACATED.

2    Leticia Francine Stidhum appeals from an order of the District Court

3    (Kovner, J.) dismissing without prejudice her employment discrimination

4    complaint brought in part under Title VII, 42 U.S.C. § 2000e et seq.  We assume

5    the parties' familiarity with the underlying facts and the record of prior

6    proceedings, to which we refer only as necessary to explain our decision to

7    dismiss the appeal as moot and to vacate the District Court's order.

8    Stidhum filed a charge of discrimination with the Equal Employment

9    Opportunity Commission ("EEOC") on or about April 19, 2019.  On July 29,

10    2019, the District Director for the EEOC's New York District Office responded to

11    a request from Stidhum by issuing a right-to-sue notice.  The right-to-sue notice

12    stated that "[l]ess than 180 days have passed since the filing of this charge," but

13    that the Deputy Director had "determined that it is unlikely that the EEOC will

14    be able to complete its administrative processing within 180 days from the filing

15    of this charge."  App'x 16.  The notice added that the EEOC was "terminating

16    its processing of this charge."  Id.  Stidhum thereafter filed this lawsuit in

17    September 2019, even though fewer than 180 days had elapsed since she filed her

charge. Defendants moved to dismiss the suit, arguing that the EEOC's "early" right-to-sue notice was invalid because Title VII does not authorize the EEOC to permit a plaintiff to sue in federal court before the 180-day period expires.

The District Court granted the motion to dismiss with the following brief text order signed on March 31, 2021 and entered on April 5, 2021: "Defendants' motion to dismiss . . . is granted. An opinion will follow shortly." App'x 92. The opinion explaining the District Court's reasons for dismissing the case did not follow until nearly three months later, on June 25, 2021. The District Court concluded that the EEOC's regulation permitting it to issue right-to-sue notices prior to the expiration of the 180-day period, 29 C.F.R. § 1601.28(a)(2), was invalid in view of 42 U.S.C. § 2000e-5(f)(1), and it granted Defendants' motion to dismiss. Stidhum appealed. While that appeal was pending, the EEOC issued a second right-to-sue notice after 180 days had elapsed. On December 29, 2021 — the last day on which she could have brought suit with the new notice, see 42 U.S.C. § 2000e-5(f)(1) — Stidhum filed a new lawsuit in the Eastern District of New York, making the same employment discrimination claims that she previously made against Defendants. See Stidhum v. 161-10 Hillside Auto Ave,

4

LLC, 21-cv-07163 (E.D.N.Y. Dec. 29, 2021).

As an initial matter, Defendants move to dismiss the appeal for lack of appellate jurisdiction, contending that Stidhum's notice of appeal was untimely filed. Rule 4 of the Federal Rules of Appellate Procedure provides that parties must file a notice of appeal within 30 days following the entry of final judgment entered in compliance with Federal Rule of Civil Procedure 58 and 79(a). Fed. R. App. P. 4(a)(1), (7). Rule 79(a) requires the clerk of court to record a judgment or order in the civil docket sheet, Fed. R. Civ. P. 79(a), while Rule 58 states that "[e]very judgment . . . must be set out in a separate document," Fed. R. Civ. P. 58. "The separate document rule is designed to reduce uncertainty for the litigants with respect to the date of final disposition of a case." Axel Johnson Inc. v. Arthur Andersen & Co., 6 F.3d 78, 84 (2d Cir. 1993). Consistent with these procedural rules, "[o]ur cases require that the document granting judgment be separate from any judicial memorandum or opinion," and "the separate document must be labeled a 'judgment.'" Id.; see Kanematsu-Gosho, Ltd. v. M/T Messiniaki Aigli, 805 F.2d 47, 49 (2d Cir. 1986) ("[T]he evident purposes of the separate document requirement" are to "ensur[e] that the parties

have clear notice of the entry of final judgments, thus allowing them to know with some certainty when an appeal must be noticed. One clear way to do this is to call a judgment a judgment."). Where a separate judgment was never entered with the order, see Fed. R. Civ. P. 58(a), judgment becomes final 150 days after the order was entered, see Fed. R. Civ. P. 58(c)(2)(B).

Here, no judgment of the District Court was ever set out in a separate document or labeled a "judgment." The District Court's order thus did not start the 30-day clock under Rule 4. In the absence of a separate document, judgment is deemed entered 150 days after entry of the order dismissing Stidhum's suit. See Fed. R. Civ. P. 58(c)(2)(B); Arzuaga v. Quiros, 781 F.3d 29, 33 (2d Cir. 2015). Stidhum's notice of appeal, which was filed before the 150-day period expired, is treated as filed as of that date. See Fed. R. App. P. 4(a)(2); Goldberg & Connolly v. New York Cmty. Bancorp, Inc., 565 F.3d 66, 71 n.3 (2d Cir. 2009). We need not decide whether the 150 days start running from the date a district court dismisses the case — here, April 5 — or when it later issues a reasoned opinion that the notice of appeal specifically purports to appeal. Stidhum's notice of

appeal was timely filed using either date.[1]

Even so, we lack appellate jurisdiction for the separate reason that Stidhum's new lawsuit renders this appeal moot. The new suit — filed after the 180-day period elapsed and after the EEOC issued a new right-to-sue notice — is based on essentially the same claims contained in Stidhum's original lawsuit and does not raise the same "early right-to-sue notice" issue as the original lawsuit. However this appeal is resolved, Stidhum will be left in substantially the same position as she is now with the benefit of the new suit. Thus, we cannot "grant any effectual relief whatever to the prevailing party" in this appeal. Tanasi v. New All. Bank, 786 F.3d 195, 199 (2d Cir. 2015) (quotation marks omitted). We acknowledge that Stidhum sought not only to proceed with her employment

---

[1] We will repeat our strong suggestion that "where the District Court makes a decision intended to be 'final,' the . . . procedure is to set forth the decision in a separate document called a judgment." Elfenbein v. Gulf & W. Indus., Inc., 590 F.2d 445, 449 (2d Cir. 1978) (quotation marks omitted), abrogated on other grounds by Espinoza ex rel. JPMorgan Chase & Co. v. Dimon, 797 F.3d 229 (2d Cir. 2015). We separately note that the Seventh Circuit has "condemned th[e] practice" of entering an order of dismissal to be followed by a reasoned opinion, explaining that "unless extenuating circumstances require the speedy announcement of the outcome, the opinion should accompany the decision." Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties, 15 F.4th 831, 835–36 (7th Cir. 2021) (quotation marks omitted).

7

discrimination claims against Defendants, but to do so without unnecessary administrative delay or costs associated with filing a separate suit.  But to the extent that such delay and costs have already been incurred, we are unable to provide the relief that Stidhum seeks on appeal.

At oral argument, both parties proposed that the action about which Stidhum complains is "capable of repetition, yet evading review."  Van Wie v. Pataki, 267 F.3d 109, 113 (2d Cir. 2001) (quotation marks omitted).  In addressing the parties' arguments, we need not resolve whether the "early right-to-sue notice" issue presented to the District Court and now presented on appeal will repeatedly evade appellate review; nor must we decide what qualifies as the relevant "challenged action" in this appeal.  Instead, we conclude that this exception to mootness does not apply because there is no "reasonable expectation" that Stidhum will again be subject to the same sort of dismissal now that she has received a standard right-to-sue notice from the EEOC and refiled suit.  Id. at 113–14 (quotation marks omitted).

With some exceptions not relevant here, "[w]hen a civil case becomes moot pending appellate adjudication, the established practice in the federal system is

1    to reverse or vacate the judgment below and remand with a direction to

2    dismiss."  Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 71 (1997) (cleaned

3    up); see Mfrs. Hanover Tr. Co. v. Yanakas, 11 F.3d 381, 383 (2d Cir. 1993).

4        For the foregoing reasons, we DISMISS the appeal as moot and VACATE

5    the order of the District Court.

6                                           FOR THE COURT:
7                                           Catherine O'Hagan Wolfe, Clerk of Court



9

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit